IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATIONAL CITY COMMERCIAL
CAPITAL COMPANY, LLC, as successor-
by-merger to NATIONAL CITY                                    ORDER
COMMERCIAL CAPITAL CORPORATION,
                                                              3:07-cv-0351-slc
       Plaintiff,

  v.

UNIQUE MANUFACTURING, INC. and
KEN JAGLINSKI, individually,

       Defendants.

---

This is an equipment lease lawsuit between two companies filed in late June 2007. Before the court is plaintiff's motion to compel discovery and reset the summary judgment motion deadline. *See* Dkt. 11. Plaintiff also filed a motion to strike defendants' affirmative defenses. *See* Dkt. 10.

Dealing first with the discovery dispute, plaintiff is seeking answers to its first set of discovery requests, served on defendants on October 3, 2007. Defendants never responded; plaintiff's attorney reached out on November 9 and 13, 2007, but received no response at all. Plaintiff filed a motion to compel on November 21, 2007; pursuant to the preliminary pretrial conference order, defendants' response was due by November 26, 2007. Given the Thanksgiving holiday, the court would have provided defendants some breathing room,

whether they asked for it or not, but here we are on December 12, 2007, and defendants have not responded to the motion in any fashion.

Although an unopposed discovery motion is not granted automatically for lack of opposition, there is only one side to the story here: defendants have abandoned their responsibility to provide timely discovery, to meet and confer with opposing counsel over defendants' failure to provide discovery, and to respond in writing to plaintiff's motion to compel. This is unacceptable. Defendants do not have the option of dropping completely *incommunicado* in a tightly-scheduled lawsuit.

Not later than December 19, 2007, defendants must provide complete, accurate and unqualified answers, responses, and documents in response to all of plaintiff's pending discovery requests. If defendants do not do so, then this court will grant judgment against defendants as a sanction under F. R. Civ. Pro. 37(b).

The summary judgment deadline will be reset upon plaintiff's receipt of all requested information. If necessary, the rest of the case schedule will be reset as well. The court will contact counsel for both sides to schedule a telephonic status and scheduling conference for December 20 or 21, 2007, so that the court can ensure that defendants met their discovery obligations, then can reset the schedule as necessary. Pursuant to F. R. Civ. Pro. 37(a)(4), plaintiff's reasonable costs incurred filing the motion to compel shall be paid by defendants. Not later than December 19, 2007, plaintiff shall submit its itemized list of costs on the motion. Defendants may have until December 26, 2007 within which to file and serve any objection to the reasonableness of the amount claimed.

In an unrelated motion, plaintiff has moved to strike both of defendants' affirmative defenses, namely that plaintiff's complaint fails to state a claim on which relief may be granted, and that plaintiff failed to mitigate its damages.

Under the intersection of Rules 8(c) and 12(b), this court ordinarily would accept a Rule 12(b)(6) allegation as an "affirmative defense" although the court would take no action on it unless a defendant were to follow up with a timely motion to dismiss. Here, the deadline for dispositive motions has passed. Although I will give the plaintiff a new opportunity to file a summary judgment motion because of defendants' failure to participate in discovery, defendants have provided no reason why they should get another bite at the apple. Accordingly, however the parties or the court denominate the "failure to state a claim" assertion, defendants have waived it by failing to pursue it in a timely fashion.

I will not strike defendants' allegation that plaintiff failed to mitigate its damages. Damage mitigation is not on the required-to-plead list of Rule 8(c). Notice pleading does not require a party to back up such allegations with facts. Whether defendants ever will develop support for this allegation is a different question. Plaintiff, however, is not entitled to have this response stricken as a matter of law.

Entered this 12th day of December, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3